J-S17022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TREVAHN MICHAEL STEPHENS | : | |
| | : | |
| Appellant | : | No. 2747 EDA 2024 |

Appeal from the Judgment of Sentence Entered August 29, 2024
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s):  CP-46-CR-0004649-2023

BEFORE:  MURRAY, J., McLAUGHLIN, J., and KING, J.

MEMORANDUM BY McLAUGHLIN, J.:            **FILED SEPTEMBER 24, 2025**

Trevahn Michael Stephens appeals from the judgment of sentence entered on his convictions for recklessly endangering another person ("REAP") and fleeing or attempting to elude a police officer.[1] We affirm the judgment of sentence but remand for the trial court to correct a clerical error in the sentencing order.

In May 2023, Stephens pleaded guilty to the above offenses. At the plea hearing, the Commonwealth explained that it agreed "that the cap on this sentence is a one- to three-year state prison sentence[.]". N.T., Open Guilty Plea, 5/30/24, at 4. The plea paperwork likewise noted, "CW agrees to cap of 1-3y SCI[.]" Plea Order, dated 5/30/24. The same day, Stephens also pleaded

_____

[1] 18 Pa.C.S.A. § 2705 and 75 Pa.C.S.A. § 3733(a), respectively.

guilty to firearms crimes that occurred on a separate date and were unrelated to the instant case. *See* N.T., Guilty Plea, at 6-7; Docket 3474-2023.

At sentencing, the Commonwealth again confirmed that the sentence in this case was capped at one to three years' incarceration. The court responded, "It's noted on here. I just didn't have the file[.]" *See* N.T., Sentencing Hearing, 8/29/24, at 5. Despite acknowledging the agreement to a sentencing cap, the court imposed an aggregate sentence of one to five years' incarceration. *See* Sentencing Order, dated 8/29/24.

Stephens filed a single post-sentence motion for both this case and the case in which he pleaded guilty to firearms offenses. It did not address the instant judgment of sentence imposed for REAP and eluding an officer. Stephens asked only that the court modify the sentence imposed in the other case for his firearms convictions. *See* Post-Sentence Motion, filed 9/5/24. The court denied the motion.

Stephens timely appealed in both cases and submitted identical briefs in both appeals. He presents a single question for review relating only to the appeal from the judgment imposed on the firearms convictions:

> Was the aggregate sentence of 5 to 10 years imprisonment imposed by the trial court contrary to the fundamental norms of the sentencing process in that it was unduly harsh since the length of the sentence was excessive and was based exclusively on the facts of the underlying cases while failing to give adequate considering of [Stephens'] difficult upbringing, the age of the convictions underlying prior record score, the fact that he was gainfully employed, his relationship with his son, and his promising mixed martial arts career?

Stephens' Br. at 3 (trial court answer omitted).

Stephens' appellate issue does not relate to the judgment of sentence that is the subject of this appeal. Nor does his brief make any argument related to the judgment of sentence imposed for his convictions for REAP or for fleeing or attempting to elude, and moreover, his post-sentence motion did not preserve any challenge to the instant judgment. As Stephens has afforded us no basis for overturning the judgment of sentence that is the subject of this appeal, we will affirm. **See** Pa.R.A.P. 302(a). (This Court addressed the other appeal in a separate memorandum. **See Commonwealth v. Stevens**, No. 2751 EDA 2024 (Pa.Super. filed Aug. 25, 2025) (unpublished mem.))

Nevertheless, both the Commonwealth and the trial court maintain that the one-to-five-year sentence in this case is the result of a clerical error, and they ask us to remand so the trial court may correct the error. A written sentencing order that differs from the "trial court's intentions [that] are clearly and unambiguously declared during the sentencing hearing [demonstrates] a 'clear clerical error' on the face of the record[ and is] subject to later correction." **See Commonwealth v. Borrin**, 12 A.3d 466, 473 (Pa.Super. 2011) (*en banc*). In such a case, we may remand for the trial court to correct the error. **See Commonwealth v. Bartic**, 303 A.3d 124, 129 n.2 (Pa.Super. 2023).

The record here shows that the sentence imposed differs from the trial court's intent. We therefore remand for the court to correct the sentencing order.

Judgment of sentence affirmed. Case remanded for correction of clerical error. Jurisdiction relinquished.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/24/2025